UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW DARREN THOMPSON,

Plaintiff,

v.

CAUSE NO. 3:25-CV-432-GSL-APR

RON NEAL, JASON NOWATZKE, and
ANNE MARIE WALKER,

Defendants.

OPINION AND ORDER

Matthew Darren Thompson, a prisoner without a lawyer, filed a complaint because he was not allowed to attend his father's funeral. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Thompson explains that when his father died on December 24, 2024, Chaplin Ann Marie Walker gave him the news and called his stepmother for him. During that call Chaplin Walker said that the family could record the funeral and send a DVD for Thompson to watch, but that Thompson would not be able to attend the funeral.

Thompson sues her because "she should have said you'll have to apply for a transport from Administration or the higher ups instead of making a decision by herself." ECF 1 at 2. Despite Chaplin Walker's comments, Thompson immediately wrote a leave request to Warden Ron Neal and Deputy Warden Jason Nowatzke. Thompson sues them because they did not respond to those requests. Thompson also filed a Temporary Leave form, but "Administration denied it." *Id*. at 3. He alleges he suffered mental and emotional injury as a result.

It is understandable that Thompson was (and is) upset by the death of his father and his inability to attend the funeral. However, these allegations do not state a claim. Even if Chaplin Walker lacked the authority to deny Thompson a temporary leave and even if she should have told him to file a temporary leave form, her comments were (at most) mere verbal abuse. But verbal abuse alone is insufficient to state a claim. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

Though it is understandable that Thompson wanted a response from Warden Neal and Deputy Warden Nowatzke, their failure to respond did not violate Thompson's rights. *Cf. Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause[.]").

Chaplin Walker's comments did not prevent Thompson from obtaining and filing a Temporary Leave form. Moreover, under 42 U.S.C. § 1997e(e), prisoners must make a showing of physical injury or the commission of a sexual act before recovering compensatory damages for mental or emotional injuries. Because he did not suffer any

physical injury, Thompson cannot recover for emotional injuries. *Hacker v. Dart*, 62 F.4th 1073, 1078-79 (7th Cir. 2023).

It is understandable why Thompson wanted to attend his father's funeral, but "[t]he very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner[, a]nd, as our cases have established, freedom of association is among the rights least compatible with incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003).

Thompson says his lawyer filed a Motion for Transport to his father's funeral. Thompson believes it was granted, but it was not. The motion was filed in his State criminal case on Friday, December 27, 2024, but it was never ruled on. *See State v. Thompson*, 36C01-2205-F2-13, (Jackson Circuit Court filed May 16, 2022), available at: https://public.courts.in.gov/mycase. Thompson believes prison officials ignored a State court order, but no transport order was ever issued.

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on October 29, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT